## H. & T. C. R'y Co. v. J. A. Lovett.

### (No. 1133, Op. Book No. 3, p. 489.)

Appeal from Grayson County. Opinion by Hurt, J.

§ 137. *Contributory negligence; rule as to.* Suit for damages against a railroad company for injury caused by the colliding of the company's train with plaintiff's wagon at the crossing of a public road, whereby plaintiff's wagon was broken, and personal injuries were inflicted upon him. It was alleged that the company's employees in charge of the train neglected to ring the bell or blow the whistle when approaching the road, and also that the company had failed to put up a sign at said crossing as required by statute. [R. S. arts. 4231, 4232.] The defense was contributory negligence on the part of the plaintiff. Upon this issue, the trial court, in effect, instructed the jury that the company would be liable for the injury unless the plaintiff *knew* of the near approach

of the train at the time he drove on the track. This charge was held to be erroneous. The jury should have been instructed that if the plaintiff could have known, by the use of ordinary care, that the train was approaching, and failed to use such care, he was guilty of contributory negligence, and could not recover. The rule is well settled, that, notwithstanding the failure of the railroad company to comply with the statute in putting up the sign, and ringing the bell, or blowing the whistle, a person approaching the track at the crossing of a road is not relieved from the duty of exercising ordinary care to avoid injury, and when he fails to use such ordinary care, he cannot recover damages. [R. R. Co. v. Le Gierse, 51 Tex. 202; Shear. & Red. on Neg. §§ 485, 488.]

February 9, 1881.           Reversed and remanded.